# IN THE COURT OF APPEALS OF IOWA

No. 16-2052
Filed February 8, 2017

**IN THE INTEREST OF S.H.,**
**Minor child,**

**W.B., Father,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, Associate Juvenile Judge.

　　　　A father appeals the termination of his parental rights. **AFFIRMED.**

　　　　Dustin A. Baker of Baker Law, Dubuque, for appellant father.

　　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　　　Patricia M. Reisen-Ottavi, Dubuque, guardian ad litem for minor child.

　　　　Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

A father appeals the termination of his parental rights,[1] claiming the State failed to make reasonable efforts to reunify him with the child and the juvenile court should have granted him an additional six months to seek reunification.

We conduct a de novo review of proceedings terminating parental rights. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116 (2016). *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

The father and mother were previously involved with the department of human services (DHS) and juvenile court concerning an older child, D.B. D.B.'s child-in-need-of-assistance (CINA) case was opened in September 2015. The father did not engage in the services offered to him.[2] While D.B.'s juvenile proceedings were ongoing, S.H. was born in March 2016, testing positive for an illegal substance (THC). The father has a history of substance abuse, domestic abuse, and as noted above, a lack of participation in services. Services were again offered to the father at the commencement of S.H.'s CINA case in March. Despite receiving notice of the juvenile proceedings in April, the father did not engage in services or interactions offered with S.H. He denied paternity of the child and did not comply with paternity testing until required to do so after he was jailed in June.

---

[1] The mother consented to the termination of her parental rights.
[2] The father's parental rights to D.B. were terminated in August 2016.

A petition to terminate his parental rights was filed on September 12, 2016. The permanency and termination hearing was held on November 16. The DHS social worker testified the father had been offered services prior to his being jailed. The social worker also stated the father had never met S.H. due to his continued incarceration. The social worker noted the jail was without facilities for child visitation. The social worker also testified she was informed by the father that he faced various criminal charges. At the time of the termination hearing, the father was facing charges of domestic violence causing injury (S.H.'s mother being the victim), violation of a no-contact order, felony possession of a firearm, and preventing apprehension.[3] The father also informed the social worker he faced a five-year term and the likelihood of eighteen months in prison if convicted.

The father was present at the termination hearing but did not testify.[4] His attorney requested the court grant the father an additional six months to seek reunification, noting the father was "hopeful to be released in the near future."

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h). We may affirm the termination order on any ground that we find supported by clear and convincing evidence. *D.W.*, 791 N.W.2d at 707. The father does not challenge the grounds for termination, and after our de novo review we conclude grounds for termination exist under section 232.116(1)(g) (allowing termination if the court finds all of the following: the child

---

[3] We assume the offense of "preventing apprehension" is an alleged violation of Iowa Code section 719.3, an aggravated misdemeanor

[4] The father's petition contends the father testified and explained that he anticipated being released "within the next several days." However, the official transcript of the termination hearing does not support the claim that the father took the witness stand.

has been adjudicated CINA, the court has terminated parental rights with respect to another child who is a member of the same family, there is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation, and there is clear and convincing evidence that an additional period of rehabilitation would not correct the situation).

The father did not raise his lack-of-reasonable-efforts complaint in the juvenile court and thus cannot raise it now. *In re T.S.*, 868 N.W.2d 425, 442 (Iowa Ct. App. 2015) (noting a party challenging reasonable efforts must raise the issue and demand other services prior to the termination hearing); *see also Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (stating an issue may not be raised for the first time on appeal).

With respect to his request for an additional six months, in order to grant such an extension section 232.104(2)(b) requires that the juvenile court be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." In light of the father's incarceration, his failure to address long-standing issues of domestic abuse and substance abuse, and his lack of housing and employment, successful reunification in six months is not realistic.

The child is placed in relative placement. The caretakers have indicated a willingness to adopt the child and have already adopted the child's siblings, including two half siblings and one full sibling. They also have demonstrated an

ability to meet all of the children's needs and allow the sibling group to remain intact.

We agree with the juvenile court termination and adoption will best provide S.H. with permanency. We therefore affirm the juvenile court's order terminating the father's parental rights to S.H.

**AFFIRMED.**